# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER SMITH, on behalf of himself and all others similarly situated, | No. 4:21-CV-01397 |
| | (Chief Judge Brann) |
| Plaintiff, | |
| v. | |
| CITIZENS & NORTHERN CORPORATION and CITIZENS & NORTHERN BANK, | |
| Defendants. | |

## MEMORANDUM OPINION

### MAY 18, 2022

Plaintiff Christopher Smith opened a savings account with Citizens & Northern Bank, fully aware that the Bank limited the number of savings account withdrawals to six a month—the Bank imposed a $2.00 fee on all additional withdrawals. Now, Smith brings a putative class action on behalf of all Citizens & Northern customers with savings accounts, alleging that the Bank's assessment of these withdrawal fees violates Federal Reserve Board Regulation D and therefore constitutes a breach of contract and unlawful deceit. But Smith is wrong. These fully disclosed withdrawal fees do not run afoul of Regulation D and are in no way deceptive or contrary to the parties' contracts. Accordingly, the Defendants' motion to dismiss is granted.

I.  **BACKGROUND**

Defendant Citizens & Northern Corporation is a publicly traded bank holding company located in Tioga County, Pennsylvania that provides banking and lending services through its subsidiary, Defendant Citizens & Northern Bank.[1] Citizens & Northern maintains thirty-six "brick and mortar" branch locations in Pennsylvania and New York,[2] and offers its personal banking clients a variety of account options that fall into three categories: checking, savings, and money market accounts.[3]

Relevant here, Citizens & Northern's personal banking clients have the option of opening a general savings account, which the Bank calls a "C&N Key Savings" account.[4] The Citizens & Northern customer brochure details the general terms for C&N Key Savings accounts, covering topics such as the minimum balance, the monthly service charge, and interest accrual.[5] Additionally, the brochure notes that C&N Key Savings accounts are subject to certain withdrawal restrictions: "$2.00 per withdrawal charge is assessed on all withdrawals over 6 per calendar month."[6] Citizens & Northern also details the monthly withdrawal limit

---

[1] Doc. 12 ¶¶ 17–18. In this Memorandum Opinion, the Court refers to the Defendants collectively as "Citizens & Northern" or the "Bank."
[2] *Id.* ¶ 20.
[3] Doc. 12-1, Ex. A (C&N Brochure) at 14–15.
[4] *Id.* at 14.
[5] *Id.*
[6] *Id.*

and corresponding withdrawal charge in the "Online Banking Agreement and Electronic Fund Transfer Act Disclosure" it provides to personal banking clients:

> The number of transfers from Bank accounts and the amounts which may be transferred are limited pursuant to the terms of the applicable deposit agreement and disclosure for those accounts. For Key savings & money market account types there is a six-withdrawal limit per calendar month. . . . Key Savings[:] $2.00 withdrawal fee for any withdrawal in excess of 6 per calendar month.[7]

On January 7, 2020, Christopher Smith opened a C&N Key Savings account with Citizens & Northern.[8] Between January 2020 and June 2021, Citizens & Northern charged Smith's C&N Key Savings account $236.00 for withdrawals.[9] But according to Smith, the Bank imposed the $2.00 withdrawal charge on all withdrawals that occurred after the six-per-month limit without recognizing the distinction between "convenient transfers" and "inconvenient transfers" included in the Federal Reserve Board banking regulation known as "Regulation D."[10] After detailing the total number of withdrawals for each month between January 2020 and June 2021, and categorizing the withdrawals as either "convenient" or "inconvenient," Smith concluded that Citizens & Northern charged his C&N Key Savings account $216.00 in "improper fees."[11]

---

[7] Doc. 12-2, Ex. B (C&N Online Banking Agreement) at 2, 5.
[8] Doc. 12 ¶ 44.
[9] *Id.* ¶ 47.
[10] *See* 12 C.F.R. § 204.2.
[11] Doc. 12 ¶¶ 47–48.

On behalf of all Citizens & Northern personal banking customers with C&N Key Savings accounts, Smith initiated this putative class action lawsuit on August 11, 2021.[12] Citizens & Northern moved to dismiss the initial Complaint,[13] and Smith promptly filed an Amended Complaint on November 2, 2021, alleging breach of contract, unjust enrichment, and violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law.[14] Citizens & Northern now asks the Court to dismiss the Amended Complaint.[15] That motion to dismiss has been fully briefed and is ripe for disposition.[16]

## II.  LAW

Under Federal Rule of Civil Procedure 12(b)(6), the Court dismisses a complaint, in whole or in part, if the plaintiff fails to "state a claim upon which relief can be granted." Following the landmark decisions of *Bell Atlantic Corp. v. Twombly*[17] and *Ashcroft v. Iqbal*,[18] "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[19] The United States Court of Appeals for the Third Circuit has instructed that "[u]nder the pleading regime established by *Twombly*

---

[12] Doc. 1.
[13] Doc. 8.
[14] Doc. 12.
[15] Doc. 14.
[16] Doc. 15; Doc. 16; Doc. 21.
[17] 550 U.S. 544 (2007).
[18] 556 U.S. 662 (2009).
[19] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps":

(1) "take note of the elements the plaintiff must plead to state a claim";

(2) "identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth"; and (3) "assume the[] veracity" of all "well-pleaded factual allegations" and then "determine whether they plausibly give rise to an entitlement to relief."[20]

### III.   ANALYSIS

This case presents a rather peculiar problem. Smith asserts that Citizens & Northern breached its contracts with, and unjustly enriched itself through its deception of, all customers with C&N Key Savings accounts. But neither the purported breach nor the alleged deception concerns any terms enumerated in Citizens & Northern's customer agreements or any representations the Bank made in its promotional materials. Indeed, Smith alleges that Citizens & Northern did precisely what it said it would: limit customers with C&N Key Savings accounts to six withdrawals a month, with every additional withdrawal subject to a $2.00 fee.[21]

What, then, is the problem? According to Smith, Citizens & Northern's contracts are subject to, and therefore fully incorporate, Federal Reserve Board Regulation D, which Citizens & Northern violated by "obfuscat[ing] and omit[ting] the distinction between *convenient* and *inconvenient* transfers"—that is,

---

[20] *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations and citations omitted).
[21] *See* Doc. 12 ¶¶ 33, 36, 47.

by assessing the $2.00 withdrawal charge on all withdrawals over six per calendar month, rather than on only so-called "convenient transfers."[22] Citizens & Northern responds that Regulation D, which concerns "reserve requirements" for depository institutions, is not the basis for its $2.00 withdrawal fee and "in no way prohibits or limits [its] ability to charge a $2.00 fee on withdrawals."[23] The Bank argues that because Smith's claims "are entirely predicated on [it] charging fees that purportedly violate Regulation D," dismissal is appropriate because it did not, in fact, violate the regulation.[24] The Court agrees with Citizens & Northern.

### A.     Regulation D

Federal Reserve Board Regulation D requires depository institutions such as commercial banks, savings institutions, and credit unions to maintain a certain amount of bank deposits on hand.[25] To that end, Regulation D restricts how customers use savings accounts, limiting the number of withdrawals customers are permitted to make each month.[26] Specifically, depository institutions are required to either (a) prevent customers from making more than six withdrawals or transfers from their savings accounts each month, or (b) "[a]dopt procedures to monitor

---

[22] *Id.* ¶¶ 31–36; *see also* Doc. 16 at 1–2 (asserting that "Defendants are obligated to follow Regulation D, that Regulation D is incorporated into their contracts with [Smith] and the Putative Class, and that they are not complying with Regulation D").
[23] Doc. 15 at 13–14.
[24] *Id.* at 4.
[25] 12 C.F.R. § 204.1(b) ("Purpose. This part relates to reserve requirements imposed on depository institutions for the purpose of facilitating the implementation of monetary policy by the Federal Reserve System.").
[26] 12 C.F.R. § 204.2(d)(2) & n.4.

those transfers on an ex post basis and contact customers who exceed the established limits on more than [an] occasional basis."[27] Depository institutions that opt for option (b) are then required to penalize customers who continue to violate those limits by either closing the account and transferring the funds to a more appropriate account in the customer's name (e.g., a checking account) or prohibiting the customer from making future withdrawals or transfers from the savings account.[28]

That said, the Federal Reserve Board explains that these savings account withdrawal restrictions apply to only so-called "convenient" transfers.[29] The Federal Reserve Board defines "convenient" transfers as follows:

> [P]reauthorized, automatic, (including, but not limited to, transfers from the savings deposit for overdraft protection or for direct bill payments), and telephonic transfers and withdrawals (including those initiated by facsimile, computer, email, or internet instruction), and transfers made by check, debit card, or other similar order made by the depositor and payable to third parties.[30]

Conversely, other, less convenient types of transfers and withdrawals—which Smith characterizes as "inconvenient" transfers[31]—are not subject to the six-

---

[27] *Id.* at n.4.
[28] *Id.*
[29] Doc. 12 ¶ 7; *see also* Compliance Guide to Small Entities, Regulation D: Reserve Requirements of Depository Institutions, Board of Governors of the Federal Reserve System (updated Jan. 4, 2018) (https://www.federalreserve.gov/supervisionreg/regdcg.htm) ("Regulation D Compliance Guide").
[30] *See supra* Regulation D Compliance Guide.
[31] Doc. 12 ¶ 8.

per-month limit.[32] The Federal Reserve Board includes within this category transfers and withdrawals made "in person at the bank, by mail, or by using an ATM" as well as transfers and withdrawals "initiated by telephone . . . when the withdrawal is disbursed via check mailed to the depositor."[33] Because these "inconvenient" transfers are not subject to the Regulation D monthly numeric limit, "[a]n unlimited number of [these] transfers and withdrawals may be made from a 'savings deposit.'"[34]

### B. Citizens & Northern's Withdrawal Fee on Savings Accounts

As Smith sees it, "it is beyond question that Regulation D prohibits [the] Defendants from counting *less-convenient* transfers toward their savings account customers' Six Transfer Limits."[35] Therefore, Smith claims, Citizens & Northern's blanket assessment of the $2.00 fee on all withdrawals and transfers beyond six in a month violates Regulation D.[36] But this logical leap elides several important considerations.

First, Regulation D does not prohibit depository institutions like Citizens & Northern from charging withdrawal fees.[37] Although the regulation requires

---

[32] *See supra* Regulation D Compliance Guide.
[33] *Id.*
[34] *Id.*
[35] Doc. 16 at 10–11 (citing 12 C.F.R. § 204.2).
[36] *Id.* at 11–12 ("[B]ecause the contract incorporates applicable federal law—Regulation D—and Defendants have a duty to abide by it[,] they breached the contract when they counted inconvenient transfers toward their customers' Six Transfer Limits and engaged in unfair trade practices.").
[37] Smith does not dispute this fact. *See id.* at 1 ("The basis of [Smith's] claims is *not* that Regulation D prohibits the charging of fees.").

depository institutions to restrict their customers' monthly savings account withdrawals—by, among other options, imposing fees on all "convenient" withdrawals beyond six a month—it does not prevent institutions from imposing more onerous withdrawal fees than the regulation itself requires.[38] Put differently, Regulation D establishes a floor—not a ceiling. So long as institutions impose withdrawal fees on all "convenient" savings account withdrawals after six in a month, they comply with the regulation; what institutions choose to charge customers for all other savings account withdrawals (i.e., "inconvenient" transfers and the first six "convenient" transfers in a month) is of no consequence.

Here, Citizens & Northern charges $2.00 on all savings account withdrawals after six in a month, regardless of whether the first six withdrawals qualify as "convenient" or "inconvenient."[39] That is more onerous than what Regulation D requires. Because Citizens & Northern imposes withdrawal fees on a greater number of savings account withdrawals than is required, the Bank is, by definition, assessing a charge on all "convenient" withdrawals beyond six in a month. Citizens & Northern is therefore in compliance with Regulation D.

Second, nowhere in Citizens & Northern's promotional materials or customer contracts does the Bank claim that it counts inconvenient transfers toward the Regulation D "Six Transfer Limit."[40] Indeed, neither the C&N

---

[38] *See* 12 C.F.R. § 204.2; *see also supra* Regulation D Compliance Guide.
[39] Doc. 12-2, Ex. B (C&N Online Banking Agreement) at 2, 5.
[40] *See* Doc. 12-1, Ex. A (C&N Brochure); Doc. 12-2, Ex. B (C&N Online Banking Agreement).

Brochure nor the C&N Online Banking Agreement, which Smith helpfully attached to the Amended Complaint, make any mention of Regulation D.[41] As such, the core factual allegation underlying all three claims—that Citizens & Northern "count[s] *inconvenient transfers* toward [Smith's] and the Putative Class's Six Transfer Limit"[42]—does not accord with the very materials upon which Smith relies.

## IV.   CONCLUSION

When it comes to savings account withdrawal fees, Citizens & Northern is fully transparent with its customers: it charges $2.00 on all withdrawals after six each calendar month. And nothing in Federal Reserve Board Regulation D prevents Citizens & Northern from assessing these withdrawal fees. Smith's arguments to the contrary are simply incorrect. Because this legal deficiency goes to the heart of Smith's claims and cannot be remedied with additional factual pleadings, the Amended Complaint is dismissed with prejudice.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[41]   *Id.*
[42]   Doc. 12 ¶ 11.

10